# Exhibit A

Summons–Civil Action

# STATE OF TENNESSEE
## 18th JUDICIAL DISTRICT
### Circuit Court Sumner County, Tennessee

✓ Original
___ Alias
___ Pluries

COPY

[✓] Local Sheriff
[ ] Out of County
[ ] Sec. of State
[ ] Comm. of Ins.
[ ] Attorney
[ ] Certified Mail

TINA M. LEAGUE

**Plaintiff(s)**

vs. Case # 83CC1-2014-CV-1078

GKN HOEGANAES CORPORATION
1315 AIRPORT ROAD
GALLATIN, TN 37066

**Defendant(s)**

TO THE ABOVE NAMED DEFENDANT(S): GKN HOEGANAES CORPORATION (BOB KUHLE)

You are hereby summoned to appear and defend a Civil Action filed against you in the Circuit Court, Sumner County, Tennessee; and your defense must be made within thirty (30) days from the date this summons is served upon you, exclusive of the day of service. You are further directed to file your defense with the Clerk of this Court and send a copy to the Plaintiff's Attorney, JOSEPH ZANGER whose address is 135 CLIF GARRETT DR., WHITE HOUSE, TN 37188. In case of your failure to defend this action by the above date, judgment by default can be rendered against you for the relief demanded in the complaint.

TO THE SHERIFF: Execute this summons and make your return herein as provided by law.

WITNESS, Kathryn Strong, Clerk of the Circuit Court at Office in Gallatin, Tennessee, the 3rd Monday of August, 2014.

Issued: 10-7, 2014.

ADA FOR ASSISTANCE CALL 615-451-6023

KATHRYN STRONG, CLERK
By: Ashley West D.C.

RECEIVED THIS SUMMONS FOR SERVICE, THIS ____ DAY OF _____, 20 ___

Deputy Sheriff

**RETURN ON SERVICE OF SUMMONS**

I hereby certify and return that on the ____ day of _____, 20 ___, I served this summons together with a copy o the complaint herein as follows:

_____

SHERIFF - DEPUTY SHERIFF

# RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20 ____, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Case No. _____ to the defendant, _____

_____. On the _____ day of _____, 20 ___ I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20 _____. Said return receipt is attached to this original summons and both douments are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON
THIS _____ DAY OF _____, 20 ___

_____
PLAINTIFF/PLAINTIFF'S ATTORNEY OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS

____NOTARY PUBLIC or ____DEPUTY CLERK
My Commission Expires: _____

## _____NOTICE_____

**TO THE DEFENDANT(S):**
Tennessee law provides a ten thousand dollar ($10,000,00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

*ATTACH*
*RETURN RECEIPT*
*HERE*
*(IF APPLICABLE)*

STATE OF TENNESSEE

COUNTY OF SUMNER

*(To be completed only if copy certification required.)*

I, Kathryn Strong, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

Kathryn Strong, Clerk

By: _____

# RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20 ____, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Case No. _____ to the defendant, _____

_____. On the _____ day of _____, 20 ____ I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20 ____. Said return receipt is attached to this original summons and both douments are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON
THIS _____ DAY OF _____, 20 ____

_____
_____NOTARY PUBLIC or _____DEPUTY CLERK
My Commission Expires: _____

_____
PLAINTIFF/PLAINTIFF'S ATTORNEY OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS

## _____NOTICE_____

**TO THE DEFENDANT(S):**

Tennessee law provides a ten thousand dollar ($10,000,00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

*ATTACH
RETURN RECEIPT
HERE
(IF APPLICABLE)*

STATE OF TENNESSEE

COUNTY OF SUMNER

*(To be completed only if copy certification required.)*

I, Kathryn Strong, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

Kathryn Strong, Clerk

By: _____

IN THE CIRCUIT COURT OF SUMNER COUNTY, TENNESSEE

AT GALLATIN

| | |
|---|---|
| TINA M. LEAGUE | )<br>) |
| Plaintiff | )<br>) |
| Vs. | ) Civil Action No.: 83CC1-2014-CV-1078 |
| GKN HOEGANAES CORPORATION | )<br>) |
| Defendants | ) JURY DEMAND<br>) |

FILED 8:42 P M
OCT 07 2014
KATHRYN STRONG, CLERK
BY _____ D.C.

## COMPLAINT FOR DAMAGES

Comes now the Plaintiff, Tina M. League, by and through her Counsel of Record, and files this Complaint for Damages against the above-named Defendant, GKN Hoeganaes Corporation..

1. Tina M. League is an adult citizen and a resident of Springfield, Robertson County, Tennessee, where he has resided for 10 years.

2. Defendant GKN Hoeganaes Corporation is a subsidiary of GKN, a company licensed in Great Britain and doing business as GKN Hoeganaes at a plant located at 1315 Airport Road in Gallatin, Sumner County, Tennessee.

3. All incidents of wrongdoing alleged in this Complaint took place in Sumner County, Tennessee. This Court has proper jurisdiction pursuant to T.C.A. § 16-10-101; and Venue is proper in Sumner County, Tennessee pursuant to T.C.A. § 20-4-101 (a).

## FACTS

1

Plaintiffs hereby incorporate paragraphs 1 through 3 of this Complaint, in their entirety, and by reference make such paragraphs a part hereof as if fully set forth herein.

4. Plaintiff Tina M. League was employed by the Defendant for over 15 years, having risen to the position of Supervisor of the Packing Department. Plaintiff was the only Female Supervisor in her department.
5. At the time of the incident complained of, Plaintiff's immediate supervisor was Dale Martin, who held the title of Finishing Manager.
6. During his time as supervisor of the Plaintiff, Dale Martin repeatedly raised the packing goals of the Packing Department under the Plaintiff in a deliberate attempt to find grounds for her termination. These same requirements were not made of male employees in similar situations.
7. Plaintiff met all of the production goals set for her by Dale Martin.
8. On or about September 11th, 2013 at approximately 7:30 A.M., the Plaintiff had a verbal altercation with an employee named Donna Sherrell. Specifically, employee Sherell was upset that the Plaintiff, in her supervisory role, had denied employee Sherrell's request to change her work schedule. Plaintiff cited company policy as the reason for the denial, as two other employees would be on vacation at the time Employee Sherrell requested the change.
9. Unable to end the verbal altercation with Employee Sherrell, Plaintiff, as required by company policy, notified her immediate supervisor, Dale Martin.
10. Dale Martin was also unable to end the verbal altercation, and escorted Employee Sherrell to the Human Resources Department, and ordered Plaintiff to return to her office.

2

11. At approximately 4:00 P.M. on September 11th, 2013, Plaintiff was informed that employee Sherrell had filed a complaint against her with the Human Resources Department, and that an investigation would be necessary. Plaintiff was ordered to retrieve her purse and leave the company property.

12. The Plaintiff would state unto the Court that she never returned to her position of employment and was constructively terminated without cause at this time.

13. On or about September 26th, 2013, Plaintiff was called to the Human Resources Department where she met with Dale Martin and David Tuintelli, the Human Resources manager. At that meeting, the Plaintiff was informed that records had been found showing that the time records of an employee named Shane Jones had been altered in May of 2013 to indicate Shane Jones had arrived to work on time when he was, in fact, over an hour late for his shift.

14. Plaintiff was informed that the change in Shane Jones schedule had been accomplished in the Kronos software system by someone accessing the records with the Plaintiff's sign-in credentials.

15. Plaintiff vehemently denied changing any payroll records and pointed out that, at the instruction of her direct supervisor, Dale Martin, her sign-in credentials were on a white board in the shift supervisors office shared by five other supervisors. Her sign-in credentials were the only ones Dale Martin ordered to be placed on the white board for other parties to use.

16. Plaintiff was called to a second meeting on September 27th, 2013 where she was told the investigation had been completed. This meeting included the Plaintiff, HR Manager Tuintelli, and Plant Manager Bob Kuhle

17. Plant manager Kuhle told Plaintiff that it had been determined the September 11th, 2013 incident with employee Sherrell was an instance of Plaintiff retaliating against employee

3

Sherrell for a "hot line" complaint lodged against her by employee Sherrell in August, 2013. Plaintiff responded that, per company policy, "hot line" complaints were not shared with those against whom the complaint is lodged and that, therefore, she could not have discriminated against employee Sherrell for a complaint she knew nothing about.

18. On September 27th, 2013, citing the discrimination charge and the changing of payroll documents, Plant Manager Kuhle formally terminated Plaintiff's employment with Defendant.

19. Plaintiff brought a complaint against the Defendant with the Equal Employment Opportunity Commission, which issued a dismissal and Notice of Rights to the Plaintiff on August 21st, 2014. This action is timely filed with this Court.

## LIABILITY

## COUNT 1 –

## VIOLATION OF CIVIL RIGHTS PURSUANT TO UNITED STATES CODE 42 SECTION 2000e-2 (a) (1);

Plaintiffs hereby incorporate paragraphs 1 through 18 of this Complaint, in their entirety, and by reference make such paragraphs a part hereof as if fully set forth herein.

20. Plaintiff asserts that the continual raising of production goals for her specific department, and the lack of similar requirements of male supervisors in similar positions, constitutes a violation of 42 U.S.C. § 2000-e-2 (a) (1) and the Plaintiff is entitled to compensatory and punitive damages for the intentional actions of the Plaintiff.

21. The Plaintiff asserts that the allegation that she falsified the payroll records of Shane Jones is false, and that the allegation was made with the deliberate intent of finding a dischargeable action against the Defendant. Plaintiff notes that Dale Martin required only her credentials to access the Kronos system to be posted in a place where all occupants of that particular office could note them and use them. Plaintiff asserts that no male supervisors had their credentials to access publicly posted. Plaintiff asserts that the actions of Dale Martin to have her access credentials to the Kronos payroll system, and only her credentials, was a deliberate and intentional act by the Defendant to place Plaintiff is a situation that could lead to her termination; constitutes a violation of 42 U.S.C. § 2000-e-2 (a) (1) and that she is entitled to compensatory and punitive damages for the intentional action of the Defendant. Plaintiff would state that the allegation that she falsified any employment records is false.

22. The Plaintiff asserts that she was terminated, in part, for a "hot line complaint" made against her by Donna Sherrell. Plaintiff asserts that male supervisors in positions similar to the Plaintiff's position with the Defendant were not subject to termination for mere "complaints" lodged by disgruntled employees. Plaintiff asserts the actions by the Defendant to terminate her for the alleged "complaint" by Donna Sherrell constitutes a violation of 42 U.S.C. § 2000-e-2 (a) (1) and that she is entitled to compensatory and punitive damages for the intentional action of the Defendant.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, respectfully requests the following relief:

A. That service issue and the Defendants be required to Answer the Complaint for Damages in the time prescribed by law and the Tennessee Rules of Civil Procedure.

B. That a jury of 12 persons be empaneled to try this cause.

C. That Plaintiff, Tina M. League, be awarded a judgment against the Defendants, jointly and severally, for compensatory damages in the amount of $250,000.00 and punitive damages in the amount of $1,000,000.00.

D. That the costs of this action be charged to the defendants.

E. For such further and general relief to which the Plaintiff may be entitled.

Respectfully Submitted:

_____
Joseph T. Zanger BPR#22600
Attorney for Plaintiff
135 Clif Garrett Drive
White House, Tennessee 37188
615-672-0511